UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: JANE DOE

1:25-CV-0679 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

A litigant who does not want to reveal her name publicly, and seems to want to proceed under a pseudonym, such as "Jane Doe" – which is the pseudonym with which the Court, for the purpose of this order, will refer to her – brings this *pro se* unsigned submission, which the Court construes as a complaint commencing a civil action.[1] Jane Doe does not reveal the basis for the court's subject matter jurisdiction to consider this civil action. She seems to sue an unidentified person who, she alleges, is a police officer, and also happens to be her neighbor. In her complaint, Jane Doe does not reveal where she and the unidentified police officer reside or where the events giving rise to her claims have occurred. Jane Doe has, however, also submitted a consent to electronic service of court documents in which she reveals that she resides in Coram, Suffolk County, New York. Thus, it would appear that she alleges that the unidentified police officer that she is attempting to sue also resides in Coram. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.[2]

---

[1] Jane Doe has paid the fees to commence this civil action.

[2] Because Jane Doe seems to want to keep her true identity hidden from public view, and because her consent to electronic service of court documents reveals identifying information, the Court has directed the Clerk of Court to restrict electronic access to that submission to a "case participant-only" basis while this action is pending in this court. Once this action is transferred, however, the transferee court may, of course, reexamine whether that submission's electronic access should remain so restricted.

## DISCUSSION

Unless otherwise provided by law, a civil action to be filed in a federal district court may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of this venue provision, a "natural person" resides in the judicial district where that person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Combined, Jane Doe's submissions seem to reveal that the unidentified police officer that Jane Doe wishes to sue, like herself, resides in Coram, Suffolk County, New York, which lies within the Eastern District of New York, not within this judicial district.[3] *See* 28 U.S.C. § 112(c). Thus, under Section 1391(b)(1), the United States District Court for the Eastern District of New York, and not this court, is a proper venue for this action. In addition, because Jane Doe seems to allege that the events that are the bases for her claims occurred in Coram, within the Eastern District of New York, the United States District Court for the Eastern District of New York, and not this court, is also a proper venue for this action under Section 1391(b)(2).

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Jane Doe is trying to sue a person who allegedly resides in the Eastern District of New York, and because the alleged events that are the bases for her claims also occurred there, venue lies in the United States District Court for the Eastern District of New York, and not in this court. *See* § 1391(b)(1), (2). In the interest of justice, the Court transfers this action to that court. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Jane Doe may continue to be referred to as "Jane Doe" and proceed under a pseudonym in this action are determinations to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 27, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge